UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MHG HOTELS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:18-cv-1199-WTL-TAB |
| STUDIO 78, LLC, | ) |
| Defendant. | ) |
| STUDIO 78, LLC, | ) |
| Counterclaimant, | ) |
| v. | ) |
| MHG HOTELS, LLC, et al., | ) |
| Counter Defendants. | ) |
| HOTELS OF SPEEDWAY, LLC, et al. | ) |
| Counterclaimants, | ) |
| v. | ) |
| STUDIO 78, LLC, | ) |
| Counter Defendant. | ) |

## ENTRY ON MOTION TO SEVER

This cause is before the Court on the Defendant Studio 78, LLC's motion to sever (Dkt. No. 82). The motion is fully briefed and the Court, being duly advised, **DENIES** the Defendant's motion for the reasons set forth below.

# I. PROCEDURAL BACKGROUND

Plaintiff MHG Hotels, LLC, filed suit in Marion County Superior Court on February 26, 2018, for claims related to the development of a hotel located in Speedway, Indiana (the "Indiana Project"). On March 16, 2018, the Plaintiff filed a motion to amend the complaint to add claims related to the development of a hotel in Deerfield Beach, Florida (the "Florida Project"). This motion was granted on March 19, 2018, and the Amended Complaint was deemed filed that day. The Defendant removed the case to this Court on April 19, 2018. On November 21, 2018, the Defendant filed the instant motion, moving to sever the portion of the lawsuit relating to the Florida Project, asking the court to either dismiss the claims or to transfer the severed portion to the United States District Court for the Southern District of Florida.

# II. LEGAL STANDARD

The parties agree that when deciding a motion to sever, the Court may consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*In re High Fructose Corn Syrup Antitrust Litig.*, 293 F. Supp. 2d 854, 862 (C.D. Ill. 2003); *see also* Dkt. Nos. 83 at 7, 88 at 4 (expressing agreement with the standard).[1]

---

[1] The Defendant initially argued that venue was not proper in this Court and suggested the United States District Court for the Northern District of Georgia as a possible alternative. Dkt. No. 84 at 4-5. However, the Defendant seems to have backtracked from that assertion, instead arguing that the Defendant "may request, and, this Court has absolute discretion to sever and transfer claims pertaining to the Florida Project to the United States District Court for the Southern District of Florida." Dkt. 92 at 1-2.

The Plaintiff also argues that the Defendant waived its right to seek a change of venue. Dkt. No. 88 at 3. Because the Court is denying the Defendant's motion on alternative grounds, it need not reach this issue.

## III. DISCUSSION

The Court will address the relevant factors in turn.

### A. Whether the Claims Arise out of the Same Transaction or Occurrence

Both parties acknowledge that the claims related to the Florida Project arise out of a different transaction. This factor weighs in favor of severance.

### B. Whether the Claims Present Some Common Questions of Law or Fact

The Plaintiff argues that the claims should not be severed because although the claims relate to different projects, the contracts at issue in the two projects are "nearly identical." Dkt. No. 88 at 5. The Defendant responds by noting that the factual circumstances surrounding these contracts differ, and that these differing factual patterns call for severance. The Court disagrees. Clearly the interpretation of "nearly identical" contracts presents some common questions of law and fact; that the application of these contracts may differ does not change this fact. Therefore, the Court considers this factor to weigh against severance.

### C. Whether Settlement of the Claims or Judicial Economy Would Be Facilitated

The Defendant argues that judicial economy would be facilitated by severance because (1) "this Court may not have jurisdiction over the foreign entities involved in the Florida Project and even if it did, because diversity is lacking, the Court could not exercise jurisdiction over any third-party complaint [the Defendant] files" and (2) "severance of the Florida Project claims will encourage joinder of all relevant parties, which will better facilitate the parties' ability to reach a negotiated settlement of the claims." Dkt. No. 83 at 10. The Plaintiff responds by noting that each of these scenarios are hypotheticals and that if the Defendant does seek to join additional parties, those parties can raise their own jurisdictional or venue challenges as they see fit. The Court finds that this factor currently weighs against severance; there is no need to sever this

action simply because there are hypothetical situations which could lead the Court to sever the claims at a later point.[2]

### D. Whether Prejudice Would Be Avoided If Severance Were Granted

The Defendant argues that prejudice would be avoided by severance because:

> [The Defendant] has a right to assert claims against other parties that may have liability for the claims concerning the Florida Project. This Court may not have personal jurisdiction over those parties and would not have subject matter jurisdiction over any third-party claims asserted by [the Defendant] against [the formerly named defendants] as diversity is lacking. If severed, [the Plaintiff] can reassert its claims against [the formerly named defendants] in the Florida federal court or alternatively, [the Defendant] can assert any third-party claims in a Broward County, Florida state court.

Dkt. No. 83 at 11. In response, the Plaintiff notes that these are hypothetical situations, and that it is unclear how prejudice would be avoided if severance were granted.[3] Here the Court finds that the Defendant has failed to show that prejudice would be avoided. Absent such a showing, this factor weighs against severance.

### E. Whether Different Witnesses and Documentary Proof Are Required for the Separate Claims

The Defendant argues that this factor weighs in favor of severance because, aside from the parties' representatives, the other witnesses would only testify as to one of the projects. The Plaintiff agrees that the "[t]he witnesses necessary for the adjudication of the Florida Claims and the Indiana Claims will be different, but the necessary witnesses and documents related to the Florida Project claims are narrow." Dkt. No. 88. Nevertheless, because there is different proof required, this factor weighs in favor of severance.

---

[2] The Defendant also notes that the Plaintiff initially named additional defendants in this action which could factor into the Court's consideration; however, the Court notes that these entities are not currently parties to the action because the Plaintiff has voluntary dismissed them. Dkt. No. 35.

[3] Additionally, the Plaintiff argues that severance would not be convenient, and would cause the Plaintiff to have to retain both Indiana and Florida counsel to continue its actions.

4

## IV. <u>CONCLUSION</u>

Weighing the totality of the factors considered, the Court holds that severance would not be proper at this time, and **DENIES** the Defendant's motion to sever, Dkt. No. 82. The motion may, or course, be renewed if the circumstances of the case change in a material way.

SO ORDERED: 1/16/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification