UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MHG HOTELS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01199-JRS-TAB |
| | ) |
| STUDIO 78, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| STUDIO 78, LLC, | ) |
| HOTELS OF SPEEDWAY, LLC, | ) |
| | ) |
| Counter Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| MHG HOTELS, LLC, | ) |
| HOTELS OF SPEEDWAY, LLC, | ) |
| HORIZON BANK, | ) |
| STUDIO 78, LLC, | ) |
| | ) |
| Counter Defendants. | ) |
| | ) |
| STUDIO 78, LLC, | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SBI ENGINEERS PLLC, | ) |
| | ) |
| Third Party Defendant. | ) |

1

### Entry on Third Party Defendant SBI Engineers PLLC's
### Motion for Summary Judgment (ECF No. 163)

This case arises from the design and construction of a Marriott Courtyard Hotel in Indianapolis.[1] Plaintiff MHG Hotels, LLC contracted Studio 78, LLC to provide design professional services, and Studio 78, in turn, contracted SBI Engineers PLLC to provide "stamped engineering drawings including structural, mechanical[,] plumbing and electrical design" for the hotel. (ECF No. 107-2.) MHG alleges claims against Studio 78, and Studio 78 alleges third-party claims against SBI for breach of contract, breach of professional standard of care, and common-law indemnity. (ECF No. 107 at 5–7.) SBI now moves for summary judgment on Studio 78's third-party claims. (ECF No. 163.) For the reasons set forth below, that motion is **granted in part**, and Studio 78's claims for breach of professional standard of care and for breach of contract relating to the ceiling heights are **dismissed** on the merits with prejudice. The motion is otherwise **denied**.

### Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Rule "imposes an initial burden of production on the party moving for summary judgment to inform the district court why a trial is not necessary." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). That initial burden consists of "either: (1) showing that there is

---

[1] The case previously involved claims arising from the construction of a Florida hotel, as well, but those claims have since been severed and transferred to the Southern District of Florida. (ECF No. 170.)

an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citing *Modrowski*, 712 F.3d at 1169). If the moving party discharges its initial burden, the burden shifts to the non-moving party to either "offer[ ] evidence that would allow a reasonable trier of fact to find in that party's favor on the issue," *id.* (citations and quotation marks omitted), or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute," Fed. R. Civ. P. 56(c)(1)(B).

**Breach of Contract**

Defendant SBI moves for summary judgment, contending that the uncontroverted evidence negates an essential element of Studio 78's breach-of-contract claim—namely, breach. (SBI's Mem. 8, ECF No. 165.) SBI's argument is twofold.

First, SBI contends that MHG's claims (from which Studio 78's third-party claims derive) fall outside the scope of SBI's agreement with Studio 78. In support, SBI cites the affidavit of Jason McGlohon and MHG's sworn interrogatory answers. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including . . . affidavits, . . . interrogatory answers, or other materials"). Specifically, SBI points to (1) MHG's contention that Studio 78 provided architect drawings with inconsistent heights among rooms on the same floor and (2) McGlohon's testimony that SBI had nothing to do with those drawings.

3

Studio 78, in response, points to those same sworn interrogatory answers to show that MHG's claims also involve aspects of the project that—drawing all inferences in favor of Studio 78, the non-movant—fall within the scope of the "structural, mechanical[,] plumbing and electrical design" that SBI agreed to provide. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including . . . affidavits, . . . interrogatory answers, or other materials"). For example, MHG states in its interrogatory answers that Studio 78 is liable for the need "to add exhaust vents at elevator shaft which were not noted on plans," for "framing and drywall necessary on 2nd floor related to drain issues," for "relocation of AHU units due to plans not having a method of removing condensation," for "[i]nclusion of necessary columns at front vestibule not noted on plans," for "[a]dditional columns in back of hotel not noted on plans," for "[r]einstallation of exposed gas pipe due to design error," and for "[r]edesign and installation by HVAC company for rooms 312 and 412 due to VTAC not appearing on plans." (ECF No. 164-4 at 7–9.) Perhaps these claims do not, in fact, fall within the scope of SBI's "structural, mechanical[,] plumbing and electrical design," but SBI's motion does not address them. SBI has shown that there is no genuine dispute with respect to the ceiling-height claims, but Studio 78's response "show[s] that the materials cited do not establish the absence . . . of a genuine dispute" with respect to the remaining breach-of-contract claims. Fed. R. Civ. P. 56(c)(1)(B).

Second, SBI contends that it is entitled to summary judgment because the undisputed evidence shows that SBI agreed to provide stamped and permitted drawings

and did, in fact, provide stamped and permitted drawings. Studio 78 responds that summary judgment is not warranted because the evidence does not establish that the drawings met the standards of acceptable engineering practice. "In a contract for work services, there is a duty to perform work skillfully, carefully, diligently, and in a workmanlike manner; failure to carry out that duty may constitute either a breach of contract or negligence." *Farah, LLC v. Architura Corp.*, 952 N.E.2d 328, 336 (Ind. Ct. App. 2011). Moreover, under Indiana law, applying a professional engineer's seal to drawings "attests that: . . . the work meets standards of acceptable engineering practice," IND. CODE § 25-31-1-16(b)(4), and "there is implied in every contract between an architect and his employer an agreement that plans and specifications prepared by the architect will be suitable for the purpose for which they are prepared," *Greenhaven Corp. v. Hutchcraft & Assocs., Inc.*, 463 N.E.2d 283, 285 (Ind. Ct. App. 1984); *see also Himmel Corp. v. Stade*, 367 N.E.2d 411, 414–15 (Ill. App. Ct. 1977) ("Architects and engineers represent themselves to be competent in the preparation of plans and specifications necessary to the construction of suitable structures . . . and where they fail to use reasonable care to produce a satisfactory structure in compliance therewith, they may be sued for breach of an implied contract term[.]"); *Sams Hotel Grp., LLC v. Environs, Inc.*, No. 1:09-cv-930-TWP-TAB, 2012 WL 3139765, at *8 (S.D. Ind. Aug. 1, 2012) (holding that design professional breached contract's implied agreement that the plans be suitable for the purposes for which they were pre-

pared). Thus, though the evidence establishes that SBI delivered stamped and permitted drawings, the evidence does not address the contract's implied terms and therefore does not negate the element of breach.

In its reply, SBI contends that Studio 78 has not adduced sufficient evidence to support its claims. But SBI's motion for summary judgment contended that the undisputed evidence negated an essential element of Studio 78's claim; it did not contend that Studio 78 could not adduce evidence to support its claims. To the extent SBI may have intended to move for summary judgment on that basis, SBI did not discharge its initial burden to show the absence of evidence, so the burden never shifted to Studio 78 to muster its own evidence in opposition. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 329–33 (1986) (Brennan, J., dissenting) (explaining the burden-shifting procedures for summary judgment); *id.* at 332 ("a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record").

Accordingly, SBI is entitled to summary judgment only on Studio 78's breach-of-contract claims relating to the ceiling heights.

## Breach of Professional Standard of Care

Studio 78 alleges claims against SBI for breach of professional standard of care. SBI contends that it is entitled to summary judgment on those claims because they are barred by the economic loss doctrine. Studio 78 does not contest that the claims at issue here are for economic losses. Under Indiana law, "there is no liability in tort

6

to the owner of a major construction project for pure economic loss caused unintentionally by contractors, subcontractors, engineers, design professionals, or others engaged in the project with whom the project owner, whether or not technically in privity of contract, is connected through a network or chain of contracts." *Indianapolis-Marion Cty. Pub. Library v. Charlier Clark & Linard, P.C.*, 929 N.E.2d 722, 740 (Ind. 2010). Studio 78 relies on a related decision issued by the Indiana Court of Appeals just one day earlier, *Indianapolis-Marion County Public Library v. Charlier Clark & Linard, P.C.*, 929 N.E.2d 838 (Ind. Ct. App. 2010) (recognizing a claim for breach of professional standard of care as independent of an indemnity claim), to argue that the economic loss rule applies only to general negligence, not to a claim for breach of professional standard of care. (Resp. Br. 11, ECF No. 166.) But the Court of Appeals did not address the economic loss doctrine. To the extent Studio 78 intends to allege a tort claim—regardless of the variety of tort—Indiana law as set forth by the Indiana Supreme Court one day later clearly bars recovery in tort for economic loss in a case such as this. *See Indianapolis-Marion Cty. Pub. Library*, 929 N.E.2d at 740 ("In this situation, application of the economic loss rule encourages a subcontractor to protect itself from risks, holds the parties to the terms of their bargain, enforces their expectancy interests, and maintains the boundary between contract and tort law."). To the extent Studio 78's breach-of-professional-standard-of-care claim sounds in contract, it does not appear to be distinct from Studio 78's breach-of-contract claim. SBI is therefore entitled to summary judgment on Studio 78's claim for breach of professional standard of care.

## Common-law Indemnity

Because Studio 78's underlying liability to MHG, if any, has not yet been adjudicated, the Court declines at this time to determine whether such liability would support a claim for common-law indemnity. SBI's motion for summary judgment on Studio 78's common-law indemnity claim is **denied without prejudice** to refiling upon further development of the factual record regarding MHG's underlying claims.

## Conclusion

For the reasons explained above, SBI's motion for summary judgment (ECF No. 163) is **granted in part.** Studio 78's claims for breach of professional standard of care and for breach of contract relating to the ceiling heights are **dismissed** on the merits **with prejudice**. The motion is otherwise **denied**.

**SO ORDERED.**

Date: 3/19/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Renee Lynn Day
BRYCE DOWNEY & LENKOV LLC
rday@bdlfirm.com

Eric Michael Douthit
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
edouthit@cchalaw.com

Storrs W. Downey
BRYCEDOWNEY LLC
sdowney@bdlfirm.com

Rebecca Hoyt Fischer
LADERER & FISCHER P.C.
rebecca@ladfislaw.com

Jessica Berman Jackler
BRYCE DOWNEY & LENKOV LLC
jjackler@bdlfirm.com

Jeffrey E. Kehl
BRYCE DOWNEY & LENKOV LLC
jkehl@bdlfirm.com

William Earl Kelley, Jr.
DREWRY SIMMONS VORNEHM, LLP (Carmel)
wkelley@dsvlaw.com

Andrew M. Lehmann
SCHUCKIT & ASSOCIATES P.C.
alehmann@mhghotelsllc.com

Gregory A. Schrage
CHURCH CHURCH HITTLE & ANTRIM (Fishers)
gschrage@cchalaw.com

Marc A. W. Stearns
DREWRY SIMMONS VORNEHM, LLP (Carmel)
mstearns@dsvlaw.com